Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES (ASUME)<br><br>Apelado<br><br>V.<br><br>JAMNIA COLÓN COLÓN<br><br>Apelante | TA2026AP00343 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Caso Núm.: UT2026CV00034<br><br>Sobre: Cobro de Dinero (Regla 60) |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 21 de mayo de 2026.

El 6 de abril de 2026, compareció ante este Tribunal de Apelaciones, la Sra. Jamnia Colón Colón (en adelante, señora Colón o parte apelante), por medio de recurso de *Apelación*. Mediante este, nos solicita que revisemos la *Sentencia* emitida y notificada el 5 de marzo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Utuado. En virtud del aludido dictamen, el foro *a quo* declaró Ha Lugar la *Demanda* presentada el 27 de enero de 2026, por la Administración para el Sustento de Menores (en adelante, la ASUME).

Por los fundamentos que adelante se exponen, se *confirma* la Sentencia apelada.

### I

El recurso de marras tiene su génesis en una *Demanda* instada el 27 de enero de 2026 por ASUME al palio de la Regla 60 de Procedimiento Civil, *infra,* en contra de la parte apelante. En la aludida *Demanda* se alegó, en esencia, que durante el año 2014 la

apelante recibió indebidamente de parte de ASUME, la cantidad de mil trescientos noventa y cinco dólares con noventa centavos ($1,395.90). Se afirmó que, la referida suma no le correspondía a la apelante, toda vez que, dicha suma no provino del alimentante, sino que dicho pago le fue emitido por error. Adujo el ente administrativo que, al percatarse de la situación, procedió remitirle a la apelante varias cartas de cobro, a fin de recuperar el dinero pagado por error. Habida cuenta de que la apelada no devolvió el dinero que se intentaba recuperar, ASUME procedió a incoar la *Demanda* que dio inicio al caso que nos ocupa. Consecuentemente, el Tribunal de Primera Instancia expidió la correspondiente citación para la vista pautada para el 5 de marzo de 2026. A la mencionada vista no compareció la parte apelante, a pesar de haber sido notificada a la dirección de la apelante que obraba en el expediente de ASUME.

Evaluado y aquilatado el derecho aplicable, así como la evidencia sometida por ASUME, el foro primario dictó *Sentencia* en rebeldía el 5 de marzo de 2026, la cual lee como sigue:

> La Parte Demandante presentó el 27 de enero de 2026 una Demanda de Cobro de Dinero bajo la Regla 60. El Tribunal ordenó expedir Notificación y Citación señalando vista para el 5 de marzo de 2026.
>
> A la vista en su fondo, compareció mediante videoconferencia la Lcda. María Fernanda Rivera David, en representación de la Parte Demandante. Compareció el Sr. Carlos Morales Rodríguez, Auxiliar Fiscal de ASUME como testigo de la Parte Demandante. La Parte Demandada, Jamnia Colón Colón, no compareció, ni por derecho propio, ni por conducto de representación legal.
>
> Surge del expediente que la Parte Demandada fue debidamente citada, por lo que el Tribunal adquiere jurisdicción sobre ésta y le anota la rebeldía a tenor con la Regla 45 de las de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. V, R.45.
>
> De la prueba presentada al Tribunal surge que la Parte Demandada le adeuda a la Parte Demandante la cantidad de $1,395.90. Por consiguiente, el Tribunal declara Ha Lugar la demanda y dicta sentencia condenando a la Parte Demandada a satisfacer a la

Parte Demandante la cantidad de $1,395.90. La cantidad total devengará intereses al tipo legal prevaleciente, contados a partir de la fecha en que se dicte la sentencia.

En desacuerdo, la parte apelante acudió ante este foro revisor y esgrimió los siguientes señalamientos de error:

### PRIMER ERROR

"Erró el TPI al dictar Sentencia en Rebeldía en contra de la parte apelante a pesar de que la apelante no fue debidamente notificada."

### SEGUNDO ERROR

"Erró el TPI al permitir la reclamación de recobro de pagos alegadamente indebidos, en abierta contravención con el término prescriptivo y los mecanismos exclusivos establecidos por ley."

### TERCER ERROR

"Erró el TPI al condenar a la parte apelante al pago de interés legal, a pesar de que la ley expresamente prohíbe que se pueda cobrar más allá del principal dentro del término de 5 años."

Luego de que le dictáramos término para comparecer, el 6 de mayo de 2026, la ASUME sometió ante este foro revisor, *Oposición a Recurso de Apelación*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A. *Facultades de ASUME*

Como parte de la política pública del Gobierno de Puerto Rico, se promulgó la Ley Núm. 5 de 30 de diciembre de 1986 (Ley Núm. 5-1986), Ley Orgánica de la Administración para el Sustento de Menores (ASUME), según enmendada, 8 LPRA sec. 501 *et seq.*

El aludido estatuto en su Sección 506, establece las facultades y poderes del Administrador(a), entre las que se encuentran las siguientes:

(1) El Administrador tendrá las responsabilidades, facultades y poderes necesarios y convenientes para poner en vigor las disposiciones de este capítulo,

incluyendo, sin que se entienda como una limitación, los siguientes:

**(a) Llevar a cabo todas las gestiones y acciones necesarias, administrativas y judiciales, para hacer cumplir los propósitos de este capítulo.**
[.....]

**(f) Promover las acciones legales que correspondan para recuperar las pensiones alimentarias de las personas cuyo derecho a alimentos ha sido cedido a favor de la Administración, así como también ser depositario de dichas pensiones, conforme se dispone en la sec. 508 de este título y cobrar a terceros por servicios prestados.**
[.....]

(h) Designar a los Procuradores Auxiliares para representar a la Administración en los procedimientos de sustento de menores y ante otras agencias, organismos gubernamentales y los tribunales, tanto del Estado Libre Asociado de Puerto Rico como de los Estados Unidos. El Administrador podrá solicitar del Secretario de Justicia el nombramiento de estos abogados como fiscales especiales para que, como parte de sus funciones, puedan actuar en procedimientos de naturaleza criminal por violaciones a las leyes, reglamentos u órdenes que administra la Administración. Esta facultad puede ser delegada por el Secretario de Justicia en el Subsecretario, los Secretarios Auxiliares y en el Jefe de la División de Investigaciones y Procesamiento Criminal del Departamento de Justicia.

[.....]

**(i) Prestar los servicios necesarios para cobrar, recaudar, distribuir y recobrar las pensiones alimentarias conforme a la reglamentación que adopte.**

[.....]

### B. Pago de lo indebido:

El derogado Código Civil de 1930[1], expresamente regulaba el cobro de lo indebido.[2] En lo pertinente, el Art. 1795 del derogado Código Civil,[3] disponía que, cuando se recibe alguna cosa que no

---

[1] Al caso de autos lo son de aplicación las disposiciones del Código Civil de 1930, por ser este el Código vigente a la fecha en que surgió la causa de acción que da lugar al recurso de marras.
[2] Véanse, Arts. 1788-1801 del Código Civil, 31 LPRA secs. 5101-5127.
[3] 31 LPRA sec. 5121.

había derecho a cobrar y que, por error, ha sido indebidamente entregada, surge la obligación de restituirla.

Si bien de conformidad con dicho articulado, el cobro de lo indebido produce ciertas obligaciones, la más fundamental de ellas, es la restitución de la cosa recibida indebidamente. En ese sentido, para que el cobro de lo indebido genere la obligación de restitución, nuestro Tribunal Supremo ha reconocido la necesidad de la concurrencia de tres requisitos: (1) que se produzca un pago con intención de extinguir una obligación; (2) que el pago realizado no tenga una justa causa, es decir, que no exista obligación jurídica entre el que paga y el que cobra, o si la obligación existe, que sea por una cuantía menor a la pagada, y (3) que el pago haya sido hecho por error y no por mera liberalidad o por cualquier otro concepto.[4] Cuando concurren estos tres requisitos, surge la obligación de restituir lo indebidamente cobrado. Art. 1795 del Código Civil, 31 LPRA sec. 5121. Para efectos de la restitución, ya no existe en el derecho puertorriqueño distinción entre errores de hecho y errores de derecho.[5]

### C. *La Regla 60 de Procedimiento Civil (Revisar Derecho)*

La Regla 60 de Procedimiento Civil, *supra*, existe para agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas para así lograr facilitar el acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación. J. A. Cuevas Segarra, *Tratado de Derecho Procesal*, 2da ed., Publicaciones JTS, 2011, Tomo V, pág. 1803.

La referida Regla dispone lo siguiente:

Cuando se presente un pleito en cobro de una suma que no exceda los quince mil (15,000) dólares, excluyendo los intereses, y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario, la parte demandante deberá presentar un proyecto de

---

[4] *Pagán Santiago, et al v. ASR*, 185 DPR 341, 366-367 (2012); *E.L.A. v. Crespo Torres*, 180 DPR 776, 793-794 (2011); *Sepúlveda v. Dpto. de Salud*, 145 DPR 560, 566 (1998).
[5] *PRHOA v. Confederación Hípica*, 202 DPR 509, 523 (2019).

notificación-citación que será expedido inmediatamente por el Secretario o Secretaria. La parte demandante será responsable de diligenciar la notificación-citación dentro de un plazo de diez (10) días de presentada la demanda, incluyendo copia de ésta, mediante entrega personal conforme a lo dispuesto en la Regla 4 o por correo certificado.

La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de los tres (3) meses a partir de la presentación de la demanda, pero nunca antes de quince (15) días de la notificación a la parte demandada. En la notificación se advertirá a la parte demandada que en la vista deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra.

La parte demandante podrá comparecer a la vista por sí o mediante representación legal. El tribunal entenderá en todas las cuestiones litigiosas en el acto de la vista y dictará sentencia inmediatamente. Como anejo a la demanda, el demandante podrá acompañar una declaración jurada sosteniendo los hechos contenidos en la demanda o copia de cualquier otro documento que evidencie las reclamaciones de la demanda. Si la parte demandada no comparece y el tribunal determina que fue debidamente notificada y que le debe alguna suma a la parte demandante, será innecesaria la presentación de un testigo por parte del demandante y el tribunal dictará sentencia conforme a lo establecido en la Regla 45. Si se demuestra al tribunal que la parte demandada tiene alguna reclamación sustancial, o en el interés de la justicia, cualquiera de las partes tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas o el tribunal podrá motu proprio ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario.

Para la tramitación de un pleito conforme al procedimiento establecido en esta Regla, la parte demandante debe conocer y proveer el nombre y la última dirección conocida de la parte demandada al momento de la presentación de la acción judicial. De lo contrario, el pleito se tramitará bajo el procedimiento ordinario.

La antes citada Regla 60 establece un procedimiento sumario de cobro de dinero donde las Reglas de Procedimiento Civil para trámites ordinarios aplicarán de manera supletoria, siempre y cuando sean compatibles con el mecanismo sumario establecido en la regla.[6] Por esto, "el emplazamiento por edicto, la contestación a

---

[6] *Cooperativa v. Hernández Hernández*, 205 DPR 624, 631 (2005).

la demanda, el descubrimiento de prueba, las reconvenciones, la demanda contra terceros, entre otros, son preceptos incompatibles con esta herramienta sumaria". *RMCA v. Mayol Bianchi*, 208 DPR 100, 107-108 (2021).

No obstante, la propia Regla 60 establece varias instancias en las que se puede convertir una causa de acción presentada bajo esta regla, en un procedimiento ordinario, entre las cuales se encuentra: "(1) si la parte demandada demuestra que tiene una reclamación sustancial; (2) cuando, en el interés de la justicia, las partes ejercen su derecho de solicitar que el pleito se continúe ventilando por el trámite civil ordinario; (3) partiendo de ese mismo interés, el tribunal *motu proprio* tiene la discreción para así ordenarlo; [...]".[7]

La diferencia entre el caso de cobro por la vía ordinaria y el tramitado por procedimiento sumario dispuesto por la Regla 60, *supra*, estriba en que bajo la Regla 60, se expide una notificación-citación y no un emplazamiento. En el momento en que se expida y diligencie un emplazamiento, aunque la cuantía reclamada no exceda los quince mil dólares, el pleito se convierte en un procedimiento ordinario. Si el Secretario del Tribunal, por equivocación, expide un emplazamiento, en vez de una citación, corresponde al demandante gestionar con el Secretario que se expida la notificación-citación, antes de diligenciarse el emplazamiento. Luego de diligenciarse el emplazamiento, el Secretario pierde la potestad para expedir la citación. J. A. Cuevas Segarra, *op. cit.*, págs. 1803-1804.

Ante la ausencia de poder notificar a la parte demandada por correo certificado con acuse de recibo, es necesario que la notificación-citación se diligencie personalmente conforme a lo dispuesto en la Regla 4, contrario a la Regla 60 de 1979, que

---

[7] *Cooperativa v. Hernández Hernández*, supra, págs. 637-638.

disponía que la notificación se podía realizar "por correo ordinario o cualquier otro medio". La nueva regla también excluyó la utilización del emplazamiento por edicto ya sea para los demandados no residentes o para los residentes que no pudieron ser localizados. J. A. Cuevas Segarra, *op. cit.*, pág. 1804.

En lo pertinente al caso que nos ocupa, nuestro Tribunal Supremo ha establecido que únicamente se pueden reclamar por vía judicial las deudas vencidas, líquidas y exigibles.[8] Respecto a los últimos dos conceptos, [ha] expresado que:

> El vocablo 'líquida' en relación con una cuenta, en lenguaje corriente significa el saldo 'o residuo de cuantía cierta que resulta de la comparación del cargo con la data'. Y la voz 'exigible' refiriéndose a una obligación, significa que puede demandarse su cumplimiento. [9]

La deuda es líquida por ser cierta y determinada[10] y es exigible porque puede demandarse su cumplimiento.[11] Así que, "al alegarse que la cuenta es 'líquida y exigible' se están exponiendo hechos, a saber: que el residuo de la cuantía ha sido aceptado como correcto por el deudor y que está vencido".[12]

En el ámbito procesal, el hecho de que la deuda sea líquida y exigible en una demanda de cobro de dinero atendida conforme a la Regla 60 es un elemento que, además de la notificación-citación, debe ser superada por la parte promovente para que el tribunal pueda atender todas las cuestiones litigiosas y dictar sentencia inmediatamente.[13] Sobre ese particular, el Prof. Rafael Hernández Colón comentó que la reclamación sustancial que pueda tener el demandado que requiera la conversión del procedimiento puede ser

---

[8] *Ramos y otros v. Colón y otros*, 153 DPR 534, 546 (2001).
[9] *RMCA v. Mayol Bianchi*, supra, pág. 108, citando a *Guadalupe v. Rodríguez,* 70 DPR 958, 966 (1950).
[10] *Ramos y otros v. Colón y otros,* 153 DPR en la pág. 546, citando a M.A. Del Arco Torres y M. Pons González, *Diccionario de Derecho Civil*, Navarra, Ed. Aranzadi, 1984, T. II, pág. 16; *Freeman v. Tribunal Superior*, 92 DPR 1, 25 (1965).
[11] *Guadalupe v. Rodríguez*, 70 DPR en la pág. 966.
[12] *Id.*
[13] *Cooperativa v. Hernández Hernández*, supra, pág. 636, citando a *Asoc. Res. Colinas Metro v. S.L.G.,* 156 DPR 88, 100 (2002).

"porque el derecho de cobro no surge claro, se necesita hacer descubrimiento de prueba, se tiene una reconvención compulsoria o se necesita añadir un tercero demandado, entre otras cosas".[14]

### D. Deferencia al Tribunal de Primera Instancia

Nuestro Máximo Foro ha reiterado que, los tribunales apelativos no debemos intervenir con las determinaciones ni las adjudicaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto. *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021); *Santiago Montañez v. Fresenius Medical*, 195 DPR 476, 490 (2016); *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909 (2012); *SLG Rivera Carrasquillo v. AAA*, 177 DPR 345, 356 (2009); *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 778-779 (2022).

Como sabemos, "[l]a tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Sin embargo, no tenemos duda de que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad." *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). Véase, además, *Pueblo v. Rivera Montalvo*, 205 DPR 352, 373 (2020); *Umpierre Matos v. Juelle, Mejía*, 203 DPR 254, 275 (2019), citando a *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). Es por lo que, nuestra más Alta Curia ha definido la *discreción* como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Pueblo v. Rivera Montalvo*, supra, citando a *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016); *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435, citando a *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Pueblo v. Rivera*

---

[14] R. Hernández Colón, *Práctica Jurídica de Puerto Rico. Derecho Procesal Civil,* 6ta ed., San Juan, LexisNexis, 2017, sec. 2404, pág. 629.

*Santiago*, 176 DPR 559, 580 (2009). Así, la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna." *Citibank et al. v. ACBI et al.*, supra, citando a *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435; *HIETel v. PRTC*, 182 DPR 451, 459 (2011); *Santa Aponte v. Srio. del Senado*, 105 DPR 750, 770 (1977). Ello "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho." *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997); *HIETel v. PRTC*, supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, supra.

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

**III**

En su comparecencia ante este foro revisor, la parte apelante nos plantea en su primer señalamiento de error, que incidió el foro primario al dictar Sentencia en rebeldía en su contra, a pesar de que no fue debidamente notificada. Veamos.

Conforme se desprende del expediente ante nos, el **27 de enero de 2026**, ASUME interpuso en contra de la parte apelante una Demanda en Cobro de Dinero, al amparo de la Regla 60 de Procedimiento Civil, *supra*, a fin de recobrar el dinero que le fue pagado a dicha parte indebidamente. Este mecanismo procesal establece puntualmente el método de notificación a la parte demandada de la acción incoada en su contra.

En lo pertinente, dispone que la parte demandante deberá presentar un proyecto de notificación-citación que será expedido inmediatamente por el Secretario o Secretaria. La parte demandante será responsable de diligenciar la notificación-citación dentro de un plazo de diez (10) días de presentada la demanda, incluyendo copia

de ésta, mediante entrega personal conforme a lo dispuesto en la Regla 4 o por correo certificado. La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de los tres (3) meses a partir de la presentación de la demanda, pero nunca antes de quince (15) días de la notificación a la parte demandada. En la notificación se advertirá a la parte demandada que en la vista deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra.

De una meticulosa revisión del expediente ante nuestra consideración se desprende que, al día siguiente de la presentación de la *Demanda*, mediante *Orden* emitida el **28 de enero de 2026**, el foro *a quo* le ordenó a la Secretaría del Tribunal **expedir la *Notificación y Citación*** por Cobro de Dinero, **para el 5 de marzo de 2026 a las 9:30 am, utilizando para ello el formulario OAT 991-A, según revisado.** Añadió dicha orden que la Vista se celebraría mediante videoconferencia.

El 23 de febrero de 2026, ASUME presentó *Moción Informativa* mediante la cual puso en conocimiento al foro primario de que la señora Colón Colón había sido debidamente notificada del pleito de epígrafe el día 13 de febrero de 2026, a la dirección que surgía de los registros oficiales de la agencia.[15] Para evidenciar esta incidencia procesal, acompañó como Anejo 1, el acuse de envío del servicio postal con número de rastreo 9589071052703408313328 y una foto de la captura de la pantalla de la computadora de la cual se desprende que la señora Jamnia Colón Colón fue notificada mediante correo el 13 de febrero de 2026, a las 9:50am, en el PO Box 638, Ángeles, PR 00611. Consecuentemente, ASUME le solicitó

---

[15] En su comparecencia ante este foro revisor, ASUME afirmó que, conforme a la información provista por los propios beneficiarios, mantiene de manera continua y sistemática una base de datos que recoge, entre otros datos esenciales, las direcciones de estos.

al Tribunal que tomara conocimiento de lo expuesto. Coincidimos con la determinación del foro primario respecto a que la parte apelante fue debidamente notificada de la acción interpuesta en su contra. Por lo cual, colegimos que no se cometió el primer error señalado.

Como *segundo error*, nos señala la parte apelante que: "[e]rró el TPI al permitir la reclamación de recobro de pagos alegadamente indebidos, en abierta contravención con el término prescriptivo y los mecanismos exclusivos establecidos por ley." No nos persuade.

Es la contención de la parte apelante que el foro *a quo* incidió al permitir una acción de cobro de dinero en contravención al Artículo 22-A, inciso (d), sub inciso (4) de la Ley Orgánica de la Administración para el Sustento de Menores[16]. Arguye, en esencia, que dicho precepto legal establece un término de cinco (5) años para recobrar los pagos recibidos indebidamente por concepto de pensión alimentaria. Asimismo, argumenta que, en virtud de dicho estatuto, los mecanismos de recobro se circunscriben exclusivamente a la deducción de pagos corrientes o al establecimiento de un plan de pago. Añade que, habida cuenta de que se trata de un pago indebido recibido en el 2014, al no mediar fraude, ASUME está obligada a utilizar los mecanismos administrativos antes mencionados y que está impedida de interponer una acción civil de cobro de dinero. No le asiste la razón.

La ASUME demostró a satisfacción del Tribunal que, en el presente caso concurren los criterios necesarios para que se configure el pago de lo indebido, entiéndase, (1) que se produzca un pago con intención de extinguir una obligación; (2) que el pago realizado no tenga una justa causa, es decir, que no exista obligación jurídica entre el que paga y el que cobra, o si la obligación

---

[16] Ley Núm. 5 del 30 de diciembre de 1986, según enmendada; *supra.*

existe, que sea por una cuantía menor a la pagada, y (3) que el pago haya sido hecho por error y no por mera liberalidad o por cualquier otro concepto. De hecho, la propia parte apelante reconoce en su comparecencia ante esta Curia, que medió un pago indebido.

Resulta meritorio destacar que, se trata aquí de un pago emitido *por error* por la agencia con cargo a fondos federales administrados por la ASUME y no de un pago efectuado por el alimentante, según pretende persuadirnos la parte apelante. Tal y como reseñamos previamente, de conformidad con el Art. 1795 del Código Civil de 1930,[17] cuando se recibe alguna cosa que no había derecho a cobrar, y que, por error, ha sido indebidamente entregada, surge la obligación de restituirla.

Conforme establecido en el derecho previamente esbozado, el (la) Administrador(a) de ASUME, ostenta las responsabilidades, facultades y poderes necesarios y convenientes para poner en vigor las disposiciones de la Ley Orgánica de la Administración para el Sustento de Menores, *supra*, incluyendo, sin que se entienda como una limitación, el **llevar a cabo todas las gestiones y acciones necesarias, administrativas y judiciales, para hacer cumplir los propósitos del aludido estatuto.**

Por tanto, en el descargo de su deber ministerial, el (la) Administrador(a) de ASUME incoó la acción en cobro de dinero al amparo del trámite sumario dispuesto por la Regla 60 de Procedimiento Civil, *supra*. Precisamente, por la naturaleza de la obligación envuelta, y la acción de recobro interpuesta, el término prescriptivo para ejercitar la misma es de quince (15) años y no de cinco (5) años como arguye la parte apelante. En vista de lo anterior, el planteamiento de la parte apelante resulta inmeritorio, por lo que, no se cometió el error señalado.

---

[17] 31 LPRA sec. 5121.

En su *tercer y último señalamiento de error*, la parte apelante nos plantea que, erró el TPI al condenarla al pago del interés legal, a pesar de que la ley expresamente prohíbe que se pueda cobrar más allá del principal dentro del término de 5 años. No le asiste la razón.

La parte apelante apoya su planteamiento en el Artículo 22-A, inciso (d), sub inciso (3) de la Ley Orgánica de la Administración para el Sustento de Menores, según enmendada, *supra*, que dispone que, en cualquier caso, bajo dicho inciso, una persona que venga obligada a reembolsar al Administrador(a) cualquier cantidad de dinero para ser reintegrada al alimentante, dicha cantidad será cobrada sin intereses mediante acción civil instada a nombre del Administrador.

Empero, como establecimos previamente, el caso de marras no se trata del cobro de un pago indebido efectuado por el alimentante, sino de un pago emitido por error por ASUME, el cual provino de fondos federales que administra la aludida agencia. Consecuentemente, no le es de aplicación el precepto legal en el cual la apelante apoya su contención. En virtud de lo anterior, no existe impedimento legal alguno para la imposición de intereses legales, tal como lo dispuso el foro primario.

En resumen, no atisbamos en el presente caso indicios de pasión, prejuicio, parcialidad o error manifiesto ni abuso de discreción del Juzgador de instancia, por lo que, no vemos razón por la cual intervenir con el dictamen emitido.

**IV**

Por los fundamentos expuestos, se *confirma* la Sentencia apelada.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones